UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE 1,<br>JANE DOE 2,<br>JANE DOE 3,<br>NATALIE SCHILLING,<br><br>    Plaintiffs,<br><br>    v.<br><br>METROPOLITAN SCHOOL DISTRICT OF<br>WASHINGTON TOWNSHIP SCHOOLS, *et*<br>*al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 1:22-cv-00870-JRS-DML<br>)<br>)<br>)<br>)<br>)<br>) |

## Order on Motion to Use Pseudonym (Dkt. 3)

  Three of the female plaintiffs seek leave to use a pseudonym to prosecute their claims against the defendant school corporation, board, and employees. Their suit alleges that they were subjected to sexual harassment, sexual contact, and abuse by an adult teacher when they were high school students and that the defendants are liable to them under Title IX, the Fourteenth Amendment, and Indiana state law.

  The subject plaintiffs filed their motion in accordance with Local Rule 10-1, which required the defendants to file any objection within 21 days of their appearance. That deadline has expired; no objection was filed. The court must address the merits of the plaintiffs' motion even in the absence of an objection. *See Doe v. City of Chicago,* 360 F.3d 667, 669-70 (7th Cir. 2004) (even without objection

to a party using a pseudonym, the court has an independent duty to determine whether exceptional circumstances allow a party to litigate anonymously).

## Analysis

The Federal Rules of Civil Procedure require that all parties to a lawsuit be named. *See* Fed. R. Civ. P. 10(a) (providing that the "title of the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) (requiring that an action be prosecuted in the name of the real party in interest). A court *may* permit a party to use a pseudonym in extraordinary circumstances only—when the party demonstrates that her interests outweigh both prejudice to the opposing party if anonymity were permitted and "the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *See Doe v. Village of Deerfield,* 819 F.3d 372, 377 (7th Cir. 2016). Courts within the Seventh Circuit generally consider several factors in their weighing of these interests:

> (1) whether the [party] is challenging governmental activity; (2) whether the [party] would be required to disclose information of the utmost intimacy; (3) whether the [party] would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the [party] would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced.

*Doe v. Trustees of Indiana University,* 2013 WL 3353944 at *3 (S.D. Ind. July 3, 2013) (quoting *Doe v. Indiana Black Expo, Inc.,* 923 F. Supp. 137, 140 (S.D. Ind. 1996)). The Seventh Circuit also has noted that fictitious names may be used where necessary to protect the privacy interests of "children, rape victims, and other

particularly vulnerable parties or witnesses." *See Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir. 1997).

At this stage of the case, the court is satisfied with the showing by the three plaintiffs that they may suffer undue injury if their names are used. Their allegations concern grooming, sexual contact, sexual history, and other highly sensitive matters that happened to them while minors. It does not appear that the defendants will suffer any prejudice if pseudonyms are allowed.

## Conclusion

The plaintiffs' motion for leave to proceed under pseudonym (Dkt. 3) is GRANTED. Until further order of the court, the plaintiffs must be referred to by Jane Doe 1, 2, and 3, in all filings, and their names shall be redacted from any documents publicly filed in this case and the pseudonyms used instead. It will be improper to file any documents under seal when the parties can simply redact documents containing the plaintiffs' names or other personal identifiers, unless there is some independent basis for filing under seal.[1] *See* S.D. Ind. L.R. 5-11(c).

So ORDERED.

Dated: June 16, 2022

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

---

[1] The parties should consider giving each Jane Doe a new pseudonym that is more distinct from the others (*e.g.,* Sara Doe, Mary Doe, Ann Doe, etc.) than the current names (Jane 1, Jane 2, Jane 3) to lessen chances of confusion in discovery and briefing.